Dear Mr. Hammonds:
This opinion serves as a clarification of the Attorney General's Opinion as stated in No. 92-615. Since the release of that opinion it has come to my attention that the concerns of East Baton Rouge Parish School Board were not adequately addressed. These concerns are based on the fact that the School Board receives from the state only part of the funding necessary for the transportation of students who reside more than one mile from the place in which they attend school. The School Board has expressed concern as to its ability to supply the reminder of the funds necessary for this service. In light of these facts, your revised opinion request, as I appreciate it, would more specifically ask:
 (1) Must the School Board subsidize transportation of school students, both public and non-public, with locally generated funds where the state funding received by the School Board is not adequate to cover the full expense of transporting these students as required by LSA-R.S. 17:158?
 (2) May the East Baton Rouge Parish School Board discharge its responsibility to transport students under LSA-R.S. 17:158 by giving the funds directly to a non-public school, even though the amount of funds given would not fully cover the cost of providing transportation?
LSA-R.S. 17:158, as revised by Act 24 of the 1992 Regular Session, provides:
 A(1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
As stated in Opinion Number 92-615, there is a mandatory duty on the part of city and parish school boards to provide transportation for both public and non-public school students. This duty can be discharged in only one manner and must comply with the requirements as set forth in LSA-R.S. 17:158H. That statute provides in pertinent part:
 (1) No parish or city school board shall eliminate or reduce the level of transportation services provided to students as required by the provisions of this Section except for economically justifiable reasons approved in accordance with the provisions of this Subsection by the State Board of Elementary and Secondary Education.
 (2) Any parish or city school board seeking approval to eliminate or reduce the level of transportation services to students for economically justifiable reasons shall submit with its request for approval the following information. . . .
The information required to be submitted and the remaining procedure is found in Subsection H(2) and (3). A copy of the statute in its entirety is attached for your reference.
LSA-R.S. 17:158H is clear as to the cause and procedure required in order for a school board to eliminate or reduce the level of transportation it provides. This procedure is the exclusive manner in which a school board may be released from its duty of transporting students.
As indicated above, our office was recently advised that the money the East Baton Rouge Parish School Board receives for transporting children who reside more than one mile from the place in which they attend school does not fully cover the total cost of this transportation. Therefore, unless the School Board can seek and obtain approval from BESE showing there is an economically justifiable reason why the School Board cannot provide the funding necessary for this transportation, it is mandatory that the funding is provided. It is insufficient for the School Board to state that the funding is unavailable.
If a School Board does obtain the approval of BESE, LSA-R.S. 17:158C provides the following:
 If transportation is not provided by the parish or city school board by reason of economically justifiable reasons approved by the State Board of Elementary and Secondary Education in accordance with the provisions of Subsection H of this Section, the Department of Education, in accordance with the provisions of Subsection D hereof, shall reimburse the parent or tutor of any student who resides more than one mile from the school attended by the student to the extent and in the amounts that funds are so appropriated by the legislature, but in no event shall such reimbursement exceed one hundred twenty-five dollars per student or three hundred seventy-five dollars for any one family.
Although reimbursement is provided for by legislative enactment, at this point the legislature has failed to appropriate any funding for such reimbursement.
As to the second point of clarification, it remains the opinion of this office that parish and city School Boards must fulfill their statutory duty, under LSA-R.S. 17:158, and are required to utilize locally generated funds in order to fully cover this cost. A School Board may not discharge its responsibility by giving funds, which are not adequate to cover the full cost of transporting students, to a school, whether public or non-public. In order to reduce or eliminate transportation services, the provisions of LSA-R.S. 17:158H. must be followed.
I hope that this sufficiently answers your questions.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0273p